[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15588
Non-Argument Calendar

_____

D. C. Docket No. 07-00036-CR-ORL-18-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARREN SHIRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 11, 2008)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Darren Shira appeals his 15-month sentence for failing to register as a sex

offender, in violation of 18 U.S.C. § 2250(a). After review, we affirm.

## I. BACKGROUND

In 2001, Shira was convicted of receiving child pornography in federal court in the Northern District of Ohio. After serving his sentence, Shira failed to re-register his current address as a sex offender, as required by Ohio law and the conditions of his supervised release. Consequently, in 2006, Shira's supervised release was revoked, and he was reincarcerated for ten months.

Upon his release in November 2006, Shira again failed to register as a sex offender in Ohio. Shira attempted to reside at a homeless shelter using a false identity. The homeless shelter, which housed children, did not accept sex offenders. When the police informed the homeless shelter Shira was a sex offender, Shira was asked to leave.

On November 26, 2006, Shira did not report to his federal probation officer in Ohio as directed. Instead, Shira moved to Florida where Florida law also required him to register as a sex offender. Shira did not register as a sex offender in Florida. Shira lived at a homeless shelter that did not accept sex offenders because it housed women and children. The homeless shelter did not know that Shira was a sex offender.

After his arrest in Florida, Shira pled guilty without a plea agreement to

failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a), which carries a statutory maximum sentence of ten years' imprisonment. Shira's presentence investigation report ("PSI") calculated his advisory guidelines range as 15 to 21 months' imprisonment, using the base offense level in U.S.S.G. § 2A3.5. Section 2A3.5 took effect on November 1, 2007, which was after Shira's indictment, but before his sentencing hearing.[1] Prior to the effective date of § 2A3.5, there was no specific base offense level for Shira's crime and the guidelines instructed courts to look to the most analogous guideline provision or, if none, 18 U.S.C. § 3553. Shira objected, arguing that using § 2A3.5 to calculate his base offense level created ex post facto problems.

In addition, Shira requested a sentence of seven to eight months' imprisonment (which was equal to time served), arguing that his failure to register was due in large part to his homelessness. The government requested a sentence within the advisory guidelines range because of Shira's past refusal to comply with the requirements to register as a sex offender. After hearing the parties' arguments, the district court stated that it had considered the advisory guidelines

---

[1]Section 2A3.5(a) provides the base offense level for defendants convicted of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). The base offense level turns on the type of sex offender the defendant is, as defined in 42 U.S.C. § 16911. U.S.S.G. § 2A3.5 cmt. n.1. A defendant required to register as a Tier I offender, such as Shira, is given a base offense level of 12. U.S.S.G. § 2A3.5(a)(3).

and the 18 U.S.C. § 3553(a) factors and imposed a 15-month sentence (which was the low end of the advisory guidelines range). However, the district court also stated that it "would impose this sentence notwithstanding the advisory guidelines." Shira filed this appeal.

## II. DISCUSSION

On appeal, Shira argues that the district court's retroactive application of U.S.S.G. § 2A3.5 to calculate his base offense level and arrive at an advisory guidelines range violated the Ex Post Facto Clause.

Prior to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), it was well-settled in this Circuit that the Ex Post Facto Clause prevents sentencing courts from using the guidelines in effect at sentencing if doing so "would lead to imposition of a harsher penalty than that to which the defendant was subject at the time of the offense." See United States v. Simmons, 368 F.3d 1335, 1338 (11th Cir. 2004). However, since Booker, this Court has not addressed whether the retroactive application of the now-advisory guidelines raises ex post facto concerns. The circuit courts to do so have reached different conclusions. Compare United States v. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006), cert. denied, ___ U.S. ___, 127 S. Ct. 3055 (2007) (concluding the Ex Post Facto Clause does not apply to the guidelines because they are now advisory), and United States v.

4

Barton, 455 F.3d 649, 655 n.4 (6th Cir. 2006), <u>cert. denied</u>, ___ U.S. ___, 127 S. Ct. 748 (2007) (stating in dicta the Ex Post Facto Clause is not implicated by the now-advisory guidelines), <u>with</u> <u>United States v. Carter</u>, 490 F.3d 641, 643 (8th Cir. 2007) (concluding post-<u>Booker</u> the Ex Post Facto Clause applies to the retroactive application of the advisory guidelines), <u>and</u> <u>United States v. Gilman</u>, 478 F.3d 440, 449 (1st Cir. 2007) (indicating in dicta it is doubtful the court would adopt <u>Demaree</u>'s holding).

None of these circuit decisions involve § 2A3.5, the specific guidelines provision at issue here. Nonetheless, they do split over the general issue of whether the Ex Post Facto Clause applies to the now-advisory guidelines.

We need not resolve this issue in this particular case because the district court explicitly stated that it would have imposed the same sentence regardless of the disputed guidelines calculation. "[I]f district courts faced with disputed guidelines issues state that the guidelines advice that results from decision of those issues does not matter to the sentence imposed after the § 3553(a) factors are considered," then remand is not necessary, as long as the sentence imposed would be reasonable even if the guidelines issue had been decided in the defendant's favor. <u>United States v. Keene</u>, 470 F.3d 1347, 1349 (11th Cir. 2006).[2]

---

[2]After <u>Booker</u>, we review sentences for reasonableness using the § 3553(a) factors. <u>Keene</u>, 470 F.3d at 1350. "It is a 'deferential' review, and the burden is on the defendant to

5

Here, had the § 2A3.5 retroactivity issue been decided in Shira's favor and § 2A3.5 had not been applied, the guidelines called for the district court, faced with an offense for which no offense guideline has been promulgated, to look to the most analogous offense guideline or, if none, to § 3553.  <u>See</u> U.S.S.G. § 2X5.1. Shira cites no analogous offense guideline, and we can find none.  And, without an analogous offense level, the district court is simply to impose "an appropriate sentence, having due regard for" the factors in § 3553(a)(2), which instructs the district court to consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law and provide just punishment; to afford adequate deterrence; to protect the public and to provide the defendant with needed educational or vocational training, medical care or correctional treatment.  <u>See</u> 18 U.S.C. § 3553(a)(2), (b)(1).

Thus, given the discretion of the district court in applying these § 3553(a)(2) factors and the factual circumstances presented in this case, the district court's 15-month sentence, well below the ten-year statutory maximum, is not unreasonable. Shira has repeatedly failed to comply with state law and the conditions of federal supervised release requiring him to register as a sex offender.  Shira's noncompliance continued even after his supervised release (for the underlying

---

prove that his sentence is unreasonable in light of the record and § 3553(a)."  <u>Id.</u>

child pornography conviction) was revoked, and he had served an additional ten months in prison. After his release, Shira relocated to Florida without reporting to his probation officer or registering as a sex offender in Florida. In addition, in both Ohio and Florida, Shira failed to disclose his sex offender status and, in Ohio, used a false identity to gain admittance to a homeless shelter that did not accept sex offenders because it housed children.

Because the district court stated it would have imposed the same 15-month sentence without reference to the advisory sentencing guidelines and ultimately imposed an otherwise reasonable sentence after considering the § 3553(a) factors, we affirm Shira's sentence.

**AFFIRMED.**